## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY CONRAD CHAMBERS,

     Petitioner,

v.                                   Case No. 8:22-cv-704-TPB-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

Chambers, a Florida prisoner, timely filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), and the response in opposition, (Doc. 13), the petition is denied.[1]

## Background

In case number 2018CF011797, the State of Florida charged Chambers with possession of a controlled substance with intent to sell or deliver within 1,000 feet of a park; possession of marijuana with intent to sell or deliver within 1,000 feet of a park; and possession of a controlled substance. (Doc. 13-2, Ex. 2.) In case number 2018CF016239, the State charged Chambers with

---

[1] Chambers did not file a reply.

the sale or delivery of a controlled substance within 1,000 feet of a school. (Doc. 13-2, Ex. 6.)

Chambers entered a plea of nolo contendere to the charges in both cases. (Doc. 13-2, Exs. 3, 7.) He was sentenced to an overall term of 60 months in prison. (Doc. 13-2, Exs. 4, 8.) The state appellate court *per curiam* affirmed the judgment and sentence. (Doc. 13-2, Ex. 17.) Chambers unsuccessfully moved for collateral relief in numerous motions and petitions. (Doc. 13-2, Exs. 35, 36, 38, 44, 48.)

## Standard of Review; Exhaustion of State Court Remedies

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner shows that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before pursuing a federal habeas petition, a state prisoner must exhaust available state court remedies by presenting his federal claims to the state court. *See* 28 U.S.C. § 2254(b)(1). A petitioner's failure to exhaust state court remedies may lead to the procedural default of his claims. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Respondent contends that the claims in Chambers's petition are unexhausted and are therefore procedurally defaulted and barred from review. But because the claims lack merit, the Court need not

determine whether they are procedurally defaulted. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."). The Court will consider the merits of Chambers's claims.

## Discussion

**Ground One**

Chambers argues that the state trial court had no jurisdiction over "the living breathing human being flesh and blood," and thus lacked jurisdiction to enter the conviction and sentence. (Doc. 1, p. 5.) Chambers states that he "reserves [his] right not to be compelled to perform under any contract or commercial agreement that [he] did not enter knowingly, voluntarily, and intentionally . . ." (Doc. 1-1, p. 2.) He alleges that the state court "failed to recognize that [he] reserved all his rights from day one" of the case when it accepted his plea and sentenced him. (*Id.*, p. 4.)

Chambers is not entitled to relief. First, his claim relies on baseless "sovereign citizen" theories. "So-called sovereign citizens believe that they are "not subject to governmental authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011). Courts have "summarily rejected [sovereign citizens'] legal theories as frivolous." *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th

Cir. 2019) (citing *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013)); *see also Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("The conspiracy and legal revisionist theories of sovereign citizens are not established law in this court or anywhere in this country's valid legal system. . . . [S]overeign citizen theories have been found to be utterly frivolous and patently ludicrous. . . ." (internal quotation marks and citations omitted)).

Moreover, Chambers has not shown that the state trial court lacked jurisdiction. In Florida state courts, "jurisdiction in criminal cases is determined by the charge made in the indictment or information." *State v. Vazquez*, 450 So.2d 203, 204 (Fla. 1984). Chambers was charged in state circuit court with four felonies. (Doc. 13-2, Exs. 2, 6.) Florida's circuit courts have jurisdiction over all felonies. *See* Art. V, § 20(c)(3), Fla. Const. (stating that circuit courts have "exclusive original jurisdiction . . . of all felonies . . ."); § 26.012(2)(d), Fla. Stat. (same). Ground One warrants no relief.

**Ground Two**[2]

Chambers argues that the state trial court violated his right to self-representation by colluding with the Public Defender to "fraudulently"

---

[2] In his petition, Chambers did not identify as distinct claims for relief the arguments referred to in this order as Grounds Two and Three. But he does make these arguments within his attached memorandum. (Doc. 1-1.) The Court liberally construes Chambers's *pro se* filings and will consider these arguments.

represent him "by usurpation" on or about October 8, 2018. (Doc. 1-1, p. 4.)

Chambers has not shown entitlement to relief. The Sixth Amendment guarantees a criminal defendant's right to self-representation. *United States v. Hakim*, 30 F.4th 1310, 1321 (11th Cir. 2022). When a defendant wishes to waive his right to counsel and exercise his right to self-representation, the trial court should conduct a hearing under *Faretta v. California*, 422 U.S. 806 (1975). *See Hakim*, 30 F.4th at 1322-23 (explaining that *Faretta* requires a trial court to provide certain warnings to a defendant who decides to waive his right to counsel and represent himself, and to determine whether the defendant understands the decision and has made the decision knowingly and voluntarily).

After the state trial court held a *Faretta* hearing, it denied Chambers's request. The state court found that Chambers did not make an unequivocal request to represent himself and that he failed to demonstrate an understanding or appreciation of his right to counsel. (Doc 13-2, Ex. 51.) The state court concluded that because Chambers did not have a "fundamental understanding and appreciation" of his right to counsel, he was not competent to knowingly and intelligently waive that right. (*Id*.) The trial court ordered that the Public Defender remain counsel of record. (*Id*.)

Chambers does not show that the state court's decision resulted in a violation of his federal rights. A defendant's request to exercise his right to self-

representation must be clear and unequivocal. *See Raulerson v. Wainwright*, 732 F.2d 803, 808 (11th Cir. 1984) (stating that a waiver of the right to counsel "must be made by a clear and unequivocal assertion of the right to self-representation"). Chambers has not shown that the state court incorrectly determined that he did not make an unequivocal request. *See* 28 U.S.C. § 2254(e)(1).

Further, "as the *Faretta* opinion recognized, the right to self-representation is not absolute." *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 161 (2000). It is subject to several limitations, and any waiver of the right to counsel must be made knowingly and voluntarily. *Id.* at 161-62; *Raulerson*, 732 F.3d at 808. The state trial court found that Chambers could not make a knowing and voluntary waiver of his right to counsel because Chambers did not adequately appreciate the right to begin with. Chambers has not shown any violation of his constitutional right to self-representation under these circumstances. He is not entitled to relief on Ground Two.

**Ground Three**

Chambers contends that the record in his state court case was insufficient because some court proceedings were digitally recorded. He alleges that the digital recording device was "conveniently" turned off and on. (Doc. 1-

1, p. 4.) Chambers contends that a stenographer should have reported all proceedings.

Chambers fails to show any violation of his federal rights. "A criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." *United States v. Cashwell*, 950 F.2d 699, 703 (11th Cir. 1992). But Chambers has cited no controlling authority providing that a stenographer is required at all criminal court proceedings. Moreover, Chambers has not shown that any digital recording in his state court case was incomplete or incorrect. Nor has he elaborated on or otherwise supported his conclusory allegations that the recording device was turned off and on. Chambers is not entitled to relief on Ground Three.

**Ground Four**[3]

Chambers argues that the state court violated his right to confrontation. The Sixth Amendment protects the "bedrock procedural guarantee" that an accused enjoys the right to be confronted with the witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 42 (2004).

Chambers has not shown a violation of this right. Chambers asserts that because the charges were brought "in the name of a person named State of

---

[3] Chambers did not raise ground four in his petition, but he did so in another paper he titled "Affidavit: Writ of Habeas Corpus (Amend) Relief from a Void Judgment." (Doc. 6.) Because this paper was filed within the 21-day period to amend his petition as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(A), the Court will consider this claim.

Florida," he "has the right to face this person." (Doc. 6, pp. 6-7.) Chambers's assertion, that he should have been able to confront a person named State of Florida because the State of Florida brought the charges, is nonsensical and sounds in the wholly frivolous "sovereign citizen" theories that courts have steadfastly rejected.

Moreover, by entering his plea, Chambers waived any pre-plea defects in his case, along with his right to confront the State's witnesses. The change of plea forms that Chambers signed contained waivers of his right to cross-examine and confront witnesses against him. (Doc. 13-2, Exs. 3, 7); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that, after a criminal defendant enters a plea, he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior" to entering the plea). Having failed to establish any violation of his right to confrontation, Chambers is not entitled to relief on Ground Four.

Accordingly, it is **ORDERED** that Chambers's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Chambers and to **CLOSE** this case.

It is further **ORDERED** that Chambers is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). The district court or circuit court of appeals must first issue a

certificate of appealability. To obtain a certificate of appealability, Chambers must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Chambers has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Chambers must obtain permission from the circuit court to appeal *in forma pauperis*.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2025.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**